## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ALICIA A. EPPS,                   Case No. 1:22-cv-609
      Plaintiff,

                                   Dlott, J.
   vs.                           Litkovitz, M.J.

UNITED STATES OF AMERICA, et al.,
      Defendants.             **REPORT AND**
                                     **RECOMMENDATION**

      Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil complaint against the United States of America and the Department of the Treasury.   (Doc. 3).   By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

### Screening of Complaint

### A.    Legal Standard

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).   A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."   *Id.* at 557.   The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."   *Erickson*, 551 U.S. at 93 (citations omitted).

### B.   Plaintiff's Complaint

Plaintiff brings this action against the United States of America and the Department of the Treasury, Internal Revenue Service (IRS) alleging that the IRS has withheld her stimulus checks in violation of her statutory and constitutional rights.   Plaintiff alleges she is an eligible individual who is entitled to a $1,200 stimulus check under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act (Pub. L. 116-136, 134 Stat. 281 (2020)), 26 U.S.C. § 6428(a); a $600 stimulus check under the Consolidated Appropriations Act ("CAA") (Pub. L. 116-260, 134 Stat. 1182 (2020)), 26 U.S.C. § 6428A(a); and a $1,400 stimulus check under the American Rescue Plan Act ("ARPA") (Pub. L. 117-2, 135 Stat. 4 (2021)), 26 U.S.C. § 6428B(b).

Plaintiff alleges that when she did not receive the stimulus checks, she contacted the IRS. Plaintiff received a letter from the IRS advising her to take steps to verify her identity.   (Doc. 3, Exh. A).   Plaintiff states she completed the process and was advised she would receive the stimulus checks.   However, plaintiff never received the checks.   Months later, plaintiff again

3

contacted the IRS and was told she would not receive any stimulus checks because she owed a debt to the IRS from 2013. Plaintiff alleges this debt "has been settled already." (Doc. 1-2 at PAGEID 9).

Plaintiff seeks declaratory and monetary relief.

**C. Resolution**

The CARES Act provides a tax credit for eligible individuals in the form of an advance refund on 2020 income taxes. 26 U.S.C. § 6428(a), (f). The CAA and ARPA provide similar tax credits in the form of an advance refund for 2020 and 2021, respectively. 26 U.S.C. § 6428A(a), (f); § 6428B(a), (g).

The United States has waived its sovereign immunity with respect to tax-refund lawsuits in the district courts. 28 U.S.C. § 1346(a). However, the United States consents to be sued for a tax refund only where the taxpayer has complied with the administrative claim requirement set forth in 26 U.S.C. § 7422(a):

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected . . ., *until a claim for refund or credit has been duly filed with the Secretary*, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

(emphasis added).

Before filing suit in federal court for a credit or refund, a plaintiff must demonstrate that she filed an administrative claim with the IRS. *See Little v. Internal Revenue Serv.*, No. A-21-cv-446, 2021 WL 2418013, at *2 (W.D. Tex. June 14, 2021) (failure to file an administrative claim seeking CARES Act stimulus checks dismissed without prejudice for failure to file administrative claim as required by section 7422(a)), *report and recommendation adopted*, 2021

4

WL 9494505 (W.D. Tex. Aug. 27, 2021) (citing *United States v. Clintwood Elkhorn Mining.*

*Co*., 553 U.S. 1, 4 (2008); 26 U.S.C. § 7422(a)).   *See also Taylor v. Internal Revenue Serv*., No.

1:22-cv-27, 2022 WL 4545121, at *3 (S.D. Miss. Sept. 28, 2022) (same).

     In response to a previous Court order, plaintiff states she has not filed an administrative

refund claim under § 7422(a) of the Internal Revenue Code before she filed this lawsuit.   (Doc.

5).   Because plaintiff alleges she has not filed an administrative claim as required by § 7422(a)

of the Internal Revenue Code, she has not exhausted her administrative remedies, and the Court

lacks jurisdiction over plaintiff's request for a tax refund at this time.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for want of

    jurisdiction.

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal *in forma pauperis*.   Plaintiff remains free to apply to

proceed *in forma pauperis* in the Court of Appeals.   *See Callihan v. Schneider*, 178 F.3d 800,

803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277

(6th Cir. 1997).

Date: 11/28/2022

                                   Karen L. Litkovitz, Magistrate Judge

                                   United States District Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ALICIA A. EPPS,                                    Case No. 1:22-cv-609
          Plaintiff,

                                                   Dlott, J.
          vs.                                      Litkovitz, M.J.

UNITED STATES OF AMERICA, et al.,

          Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6