IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Alicia Epps, | : | |
| | : | Case No. 1:22-cv-609 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| United States of America, *et al.*, | : | Recommendation and Dismissing Case |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Karen L. Litkovitz on November 28, 2022. (Doc. 6.) The Magistrate Judge recommends dismissing this case because Plaintiff Alicia Epps, who is suing the Government to obtain COVID-19 stimulus funds, did not first file an administrative refund claim with the IRS as required by 26 U.S.C. § 7422(a). For the reasons that follow, the Court will **ADOPT** the Report and Recommendation and **DISMISS WITH PREJUDICE** this case.

**I.  PROCEDURAL HISTORY**

Epps initiated this suit by filing a Motion to Proceed *In Forma Pauperis* with a proposed attached Complaint. (Docs. 1, 1-2.) The Magistrate Judge granted her leave to proceed *in forma pauperis*, and the Clerk filed the Complaint. (Docs. 2, 3.) As summarized by the Magistrate Judge,

> Plaintiff brings this action against the United States of America and the Department of the Treasury, Internal Revenue Service (IRS) alleging that the IRS has withheld her stimulus checks in violation of her statutory and constitutional rights. Plaintiff alleges she is an eligible individual who is entitled to a $1,200 stimulus check under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act (Pub. L. 116-136, 134 Stat. 281 (2020)), 26 U.S.C. § 6428(a); a $600 stimulus check under the Consolidated Appropriations Act ("CAA") (Pub. L. 116-260, 134 Stat. 1182 (2020)), 26 U.S.C. § 6428A(a); and a $1,400 stimulus check under the American Rescue Plan Act ("ARPA") (Pub. L. 117-2, 135 Stat. 4

1

> (2021)), 26 U.S.C. § 6428B(b). The CARES Act provides a tax credit for eligible individuals in the form of an advance refund on 2020 income taxes. 26 U.S.C. § 6428(a), (f). The CAA and ARPA provide similar tax credits in the form of an advance refund for 2020 and 2021, respectively. 26 U.S.C. § 6428A(a), (f); § 6428B(a), (g).

(Doc. 4 at PageID 71.)

The Magistrate Judge treated the Complaint as a tax refund suit against the IRS and asked Epps to provide documentation that she had filed an administrative refund claim as required by 26 U.S.C. § 7422(a). (*Id.* at PageID 72.) The statute provides:

> (a) No suit prior to filing claim for refund.--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C.A. § 7422. Epps filed a Response in which she admitted that she had not complied with § 7422(a). (Doc. 5 at PageID 75.)

The Magistrate Judge then filed the pending Report and Recommendation after completing her *sua sponte* review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine if the suit was frivolous, failed to state a claim for relief, or was filed against a defendant who is immune from suit. (Doc. 6 at PageID 78.) She recommended dismissing the case without prejudice because Epps had not complied with the administrative prerequisite. (*Id.* at PageID 81–82.) Epps did not file objections to the Report and Recommendation.[1]

**II.    STANDARD OF REVIEW**

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have

---

[1] Instead, on February 13, 2023, Epps moved the Court for an entry of default and for default judgment. (Docs. 7, 8.) She is not entitled to this relief because, as explained in the Order, her Complaint does not withstand § 1915(e)(2)(B) scrutiny.

2

been referred to them. Parties then have fourteen days to make file and serve specific written objections to the report and recommendations. 18 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made."). Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

### III. ANALYSIS AND CONCLUSION

The Court finds no clear error in the recommendation to dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Courts have treated similar claims to recover COVID stimulus payments from the IRS different ways. As the Magistrate Judge stated, some courts have dismissed such suits for failure to first file an administrative claim with the IRS as required by § 7422(a). *See Little v. IRS.*, No. A-21-cv-446, 2021 WL 2418013, at *2 (W.D. Tex. June 14, 2021) (dismissing claim seeking stimulus payments after filing 2019 and 2020 tax returns for

failure to file administrative claim as required by section 7422(a)), *report and recommendation adopted*, 2021 WL 9494505 (W.D. Tex. Aug. 27, 2021); *see also Taylor v. IRS*, No. 1:22-cv-27, 2022 WL 4545121, at *3 (S.D. Miss. Sept. 28, 2022) (same).  Other district courts have not required the plaintiff to file an administrative claim when the plaintiff was seeking a COVID stimulus payment in the form of an advance refund because such advance refund is not a tax, penalty, or sum wrongly collected by the IRS for purposes of § 7422(a).  *See Moffa v. Yellen*, No. 1:22-CV-00565, 2022 WL 413738, at *3–4 (M.D. Penn. Sept. 12, 2022) (collecting cases); *see also Hudson v. Dep't of Treasury*, No. 1:21-cv-392, 2021 WL 5782471, at *2–3 (W.D. Mich. Dec. 7, 2021) (finding the plaintiff had not alleged a cognizable injury before he filed his 2020 tax return and before he was denied the stimulus credit).  In a case where the plaintiff did receive a belated $1,200 plus partial interest payment under the CARES Act, the district court found that the plaintiff first had to seek a refund from the IRS for the missing $63.93 interest amount pursuant to § 7422(a) before pursing the claim in court.  *Kline v. Rettig*, No. 3:21cv1002-LC-HTC, 2022 WL 4001142, at *3–4 (N.D. Fla. June 29, 2022), *report and recommendation adopted*, 2022 WL 4002900 (N.D. Fla. Sept. 1, 2022).

Nonetheless, even district courts that did not require the plaintiff to file a § 7422(a) administrative claim still have dismissed claims such as Epps's on the grounds that stimulus payments can no longer be made under the terms of the CARES Act, the CAA, and ARPA.  *See, e.g.*, *Thacher*, No. 22-2383-JWL-JPO, 2023 WL 143230, at *2 (D. Kan. Jan. 10, 2023); *Moffa*, 2022 WL 413738, at *5; *Byers v. Rettig*, No. 1:22-cv-00126-MR, 2022 WL 3205184, at *4 (W.D. N.C. Aug. 8, 2022); *Hudson*, 2021 WL 5782471, at *3.  The CARES Act provides that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).  Likewise, the CAA provides that "no refund or credit shall be made

4

or allowed under this subsection after January 15, 2021." 26 U.S.C. § 6428A(f)(3)(A)(ii)(I). Finally, the ARPA provides that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2021." 26 U.S.C. § 6428B(g)(3). Epps did not initiate this suit until October 19, 2022, well after those deadlines. Accordingly, her request for relief is moot.

Finally, other courts have dismissed claims seeking COVID stimulus payments on the grounds that the CARES Act, the CAA, and the ARPA do not create private causes of action for an individual seeking a disbursement of the funds. *See, e.g., Thacher*, 2023 WL 143230, at *2; *Byers*, 2022 WL 3205184, at *4; *Phelps v. Mnuchin*, No. 3:21-CV-327-JD-MGG, 2021 WL 2021 WL 2138506, at *4 (N.D. Ind. May 26, 2021).

Based on these precedents, the Court finds that the Magistrate Judge was correct to recommend dismissal of the Complaint. The Report and Recommendation (Doc. 6) is **ADOPTED** and the case is **DISMISSED WITH PREJUDICE**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge